# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

Jamal Gross,                                          Civil No. 11cv3415 (MJD/SER)

                            Plaintiffs,

v.                                          **REPORT AND RECOMMENDATION**

United States Department of Justice,
Federal Bureau of Prisons,
Warden NFN Rios,
Dr. Amy Bonchner,
Michael Issaacson,
Pam Agrimson,
Warden NFN Cruz,
PM Anthonty,
Terry Rhodes, and
Bret A. Downing,

                            Defendants.
_____

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed *in forma pauperis*, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  BACKGROUND

Plaintiff is a former federal prison inmate, who apparently was injured while he was in prison. He seeks legal redress for his injuries.

Plaintiff commenced this action in August 2011, by filing a civil complaint and an IFP application in the United States District Court for the Northern District of Texas. [Doc. Nos. 2

and 3.]  He later filed an amended IFP application, [Doc. No. 11], as well as an amended complaint, [Doc. No. 10], that is now the operative pleading in this case.

The Texas District Court granted Plaintiff's IFP application previously.  The order granting IFP status expressly stated that "[s]ervice of process shall be withheld pending judicial screening as provided by 28 U.S.C. § 1915(e)(2)."  (Order dated November 18, 2011; [Doc. No. 14].)  In other words, the Texas District Court ruled that Plaintiff is financially eligible for IFP status, but his pleading is still subject to preliminary screening under 28 U.S.C. § 1915(e)(2).

The Texas District Court also ruled that some of the claims that Plaintiff attempted to bring in his amended complaint should be "severed" and transferred to other district courts. Specifically, Plaintiff's claims against Defendants Warden Rios, Dr. Amy Bonchner, Michael Issacson, and Pam Agrimson were severed and transferred to the District of Minnesota, and Plaintiff's claims against two other Defendants, (Russ Tabor and Dr. David Wert), were severed and transferred to the District of Colorado.  (Order dated November 18, 2011; [Doc. No. 16].) Thus, the matter is presently before this Court to determine whether Plaintiff's amended complaint states an actionable claim for relief against the four "severed Defendants" that were transferred to the District of Minnesota, namely Defendants Warden Rios, Dr. Amy Bonchner, Michael Issacson, and Pam Agrimson.[1]

Plaintiff's amended complaint is not a model pleading.  He has done a very poor job of describing the facts giving rise to his current lawsuit.  As far as the Court can tell, Plaintiff was

---

[1]   These four Defendants apparently were working at the Federal Correctional Institution in Waseca, Minnesota, during the events giving rise to Plaintiff's current claims against them. Therefore, the Texas District Court determined that Plaintiff's claims against these four Defendants should be transferred to the District of Minnesota.

convicted of some federal crime in 2006 or 2007.   (Amended Complaint, p. 8.)   He apparently was given a federal prison sentence, and he alleges that on March 13, 2007, he "**Voluntarily Surrendered** at FCI [Federal Correctional Institution] Pekin without Reservation."   (*Id.*; [emphasis in the original].)   In November 2007, Plaintiff was transferred to FCI-Waseca, which is located in Waseca, Minnesota.   (*Id.*)   In October 2008, he was transferred to FCI-Englewood, which is located in Littleton, Colorado; and in April 2009, he was transferred to FCI-Seagoville, located in Seagoville, Texas.   (*Id.*)

Plaintiff alleges that on August 13, 2009, he "was assaulted with malicious intent losing 8 Permanate [sic] Teeth, [and] losing a substantial amount of bone loss [sic]."   (*Id.*, p. 9.)   This incident apparently occurred while Plaintiff was at FCI-Seagoville.   Plaintiff's pleading, however, does not provide any other information about what actually happened.

Plaintiff seems to believe that the injuries described in his complaint are somehow attributable to the Federal Bureau of Prison's "custody classification" assignment.   Evidently, Plaintiff believes that if he had been given a different custody classification, he never would have been imprisoned at FCI-Seagoville, and he never would have been assaulted.   In any event, Plaintiff is now seeking relief under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged violations of his federal constitutional rights. Specifically, he claims all of the named Defendants, including the four severed Defendants presently before this Court, violated his rights under the Fourth Amendment.

The only allegations in Plaintiff's amended complaint that are pertinent to the four severed Defendants before this Court – Warden Rios, Dr. Amy Bonchner, Michael Issacson, and Pam Agrimson – are as follows:

1.    Warden Rios individually acted outside the scope of his official capacity **violating** the Petitioner's 4th Amendment Right, Hence The driving force behind the Petitioner's Injury, thus the proper vehicle to obtain damages is a Biven's [sic] Action.  Id. 403 U.S 388.   Emphasis Added: FBOP REMEDY ID # 508453-F1."

2.    Dr Amy Bonchner individually acted outside the scope of her official capacity **Violating** the Petitioner's 4th Amendment Right, Hence the driving force behind The Petitioner's injury, thus the proper vehicle to obtain damages is a Biven's [sic] Action.   Id 403 U.S. 388.   Emphasis Added: FBOP REMEDY ID # 545704-F1."

3.    Michael Issacson individually acted outside the scope of his official capacity **violating** the Petitioner's 4th Amendment Right, Hence the driving force behind The Petitioner's injury, thus the proper vehicle to obtain damages is a Biven's [sic] Action.   Id. 403 U.S. 388.   Emphasis Added: FBOP REMEDY ID # 508453-F1.

4.    Pam Agrimson individually acted outside the scope of her official capacity **violating** the Petitioner's 4th Amendment Right, Hence the driving force behind the Petitioner's Injury, thus the proper vehicle to obtain damages is a Biven's [sic] Action.   Id 403 U.S. 388 Emphasis Added: FBOP REMEDY ID # 508453-F1."

(Amended Complaint, p. 10.)

Based on these bare allegations alone, Plaintiff is seeking a judgment against Defendants in the amount of $850,000.00.

## II.  DISCUSSION

If an IFP applicant files a complaint that fails to state a cause of action on which relief can be granted, the case will be dismissed summarily.   28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*).

To state a cause of action on which relief can be granted, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory.   *See Martin v. Aubuchon*, 623 F.2d

4

1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").   "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."   *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be alleged clearly.   Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."   *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

To state an actionable *Bivens* civil rights claim, a set of historical facts showing that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of federal law must be alleged.   *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (*Bivens* "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights").   A civil rights claimant must plead facts showing **each named defendant's personal involvement** in alleged constitutional wrongdoing.   *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999).   *See also Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").   Thus, in order to state an actionable civil rights claim against a defendant, a complaint must set forth specific factual allegations showing what that particular defendant allegedly did, or failed to do, while acting under color of law, that purportedly violated the plaintiff's federal constitutional rights.   As explained by the words of

5

the Supreme Court, "a plaintiff must plead that each Government-official defendant, **through the official's own individual actions**, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948 (emphasis added).

In this case, Plaintiff failed to plead an actionable *Bivens* claim against any of the four Defendants presently before the Court, because his amended complaint does not describe any specific acts or omissions by any of those four Defendants.   Only conclusory claims that Defendants violated Plaintiff's rights under the Fourth Amendment are alleged.   Plaintiff has not alleged any specific historical facts showing what Defendants actually did, or failed to do, that has caused them to be sued.   Plaintiff's pleading is fatally defective because he has not alleged any specific **facts** showing that Defendants **personally** violated his Fourth Amendment rights, (or any other rights guaranteed by the federal Constitution).[2]

Because Plaintiff has not described any specific personal acts or omissions by any of the four Defendants who are being sued here in the District of Minnesota, he has failed to plead an actionable civil rights claim against any of those Defendants.   The Court will therefore recommend that Plaintiff's claims against Defendants Warden Rios, Dr. Amy Bonchner, Michael

---

[2]   The Court is mindful of the various unexplained references to "FBOP REMEDY" that appear in Plaintiff's amended complaint.   Plaintiff presumably is referring to certain administrative grievances that he apparently filed under the administrative remedy procedures maintained by the Federal Bureau of Prisons.   However, Plaintiff has not submitted any administrative grievances with his amended complaint, nor has he made any effort to show how any such grievances might support his attempt to sue Defendants Warden Rios, Dr. Amy Bocher, Michael Issacson, and Pam Agrimson.   Plaintiff did attach some administrative remedy materials to his original complaint, (Docket No. 2), but none of those materials makes any reference to Warden Rios, Dr. Amy Bonchner, Michael Issacson, or Pam Agrimson.   Thus, Plaintiff's repeated reference to "FBOP REMEDY" adds no relevant facts to his amended complaint.

Issacson, and Pam Agrimson, be summarily dismissed pursuant to § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

This action be summarily **DISMISSED** with respect to Defendants Warden Rios, Dr. Amy Bonchner, Michael Issacson, and Pam Agrimson, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: January 31, 2012

_s/Steven E. Rau_____
Steven E. Rau
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 14, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.